IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD DEAN LANSDALE, )
)
        Plaintiff, )
)
vs. )   Case No. CIV-13-702-M
)
NOBLE POLICE DEPARTMENT; )
AARON GLASS, Noble Police )
Officer; JUSTIN DeWAYNE PYLE, )
Noble Police Officer; CLEVELAND )
COUNTY SHERIFF; and STACY )
SITES, Cleveland County Sheriff's )
Deputy, )
)
        Defendants. )

**REPORT AND RECOMMENDATION**

**I.   The complaint.**

Plaintiff, appearing pro se and in forma pauperis, seeks damages pursuant to 42 U.S.C. § 1983 for an allegedly illegal search, seizure, and period of detention arising out of a traffic stop.[1] Doc. 1. The named Defendants[2] are the Noble Police Department, Noble police officer Aaron Glass, Noble police officer Justin Pyle, the Cleveland County Sheriff, and Cleveland County Sheriff's deputy Stacy Sites. *Id.*

---

[1] Because Plaintiff appears pro se, the court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[2] It is not clear if Plaintiff intended to name each of these individuals and entities as Defendants or if they were mentioned as part of his description of other Defendants.

In the handwritten portions of his form complaint, Plaintiff maintains he was stopped by a City of Noble police officer, Defendant Glass, on apparent suspicion of DUI. Doc. 1, at 1, 2, 4.[3] Defendant Glass allegedly advised Plaintiff it was his opinion Plaintiff was too intoxicated to drive despite having passed the "test," but agreed to allow him to be picked up and released. *Id.* at 4. Plaintiff claims "[i]f I didn't pass his test I would have been DIU."[4] *Id.* He alleges that after Defendant Glass made this agreement, Defendant Glass searched the vehicle, and Plaintiff was jailed for two days "under derress." *Id.* at 2, 4. Charges were declined. *Id.* Additionally, Plaintiff claims an assistant district attorney for Cleveland County threatened to press charges against his father, Douglas Lansdale, "because the weapon was in the vehicle." *Id.* at 2.

Plaintiff identifies Defendant Sites as "the K-9 officer that responded to the scene upon officer Glass request" but makes no specific allegations against her. *Id.* at 2. He describes Defendant Pyle as the "second on the scene" who "helped detain me and my family unlawfully." *Id.* at 3.

Plaintiff seeks monetary compensation for stress and "[f]or my property being held," claiming he "never received my license and pocket knife back." *Id.*

---

[3] Page citations to the complaint are in sequential order and reflect this court's CMECF pagination.

[4] Unless otherwise indicated, quotations in this report are reproduced verbatim.

at 8. He claims his father "was threatened several times" and contends "the Assistant District attorney and District Attorney should apologize to us." *Id.* He also requests "compensation for the three day spent in Jail." *Id.*

Between pages of his form complaint, Plaintiff inserted a copy of a Noble Police Department "Incident Report" completed by Defendant Glass. *Id.* at 5-6. There, Defendant Glass reported the following:

- he made a traffic stop for speeding on May 15, 2010;

- the behavior of Plaintiff, the driver of the vehicle, prompted him to conduct field sobriety testing;

- based on the results of the testing, Defendant Glass advised Plaintiff he believed him to be under the influence of intoxicants and unable to safely operate a vehicle;

- Plaintiff asked if instead of arresting and jailing him, Defendant Glass would allow someone to pick him – and his vehicle – up;

- Defendant Glass agreed, but when he then asked Plaintiff if there was anything illegal in his vehicle, Plaintiff became demonstrably nervous;

- Defendant Glass requested a canine unit and advised Plaintiff that if his ride arrived before the canine unit, he would be free to leave;

- Defendant Sites and Plaintiff's parents arrived at the same time;

- Defendant Pyle began the routine process of verifying whether Plaintiff's mother had a valid license to drive Plaintiff's vehicle;

- while waiting on that process, Defendant Sites used her canine, Batu, to perform a free air sniff of Plaintiff's vehicle;

- after Batu alerted to the presence of odors of illegal narcotics, Defendant Glass searched the vehicle and found a semi-automatic pistol between the console and the passenger's seat;

- he requested dispatch to determine if Plaintiff was a convicted felon; and,

- after receiving a positive response, Defendant Glass placed Plaintiff under arrest as a felon in possession, released the vehicle to his mother, and booked Plaintiff into the Cleveland County Detention Center.

*Id.*

## II. Procedural background.

Chief United States District Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 4. Consistent with that referral and with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii),[5] the undersigned determined Plaintiff's complaint – a complaint seeking recovery for alleged constitutional violations in May, 2010 but not filed in this Court until July, 2013 – showed on its face that it is barred by the statute of limitations and, thus, subject to dismissal on filing for failure to state a claim. Doc. 11.

Nonetheless, because Plaintiff filed his complaint from the Cleveland

---

[5] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

County Detention Center and the inception and duration of that confinement and Plaintiff's ability to access the courts was unknown, "it [was] not clear from the face of [Plaintiff's] complaint that no state tolling provision was applicable to cure his timeliness problem . . . ." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097-98 (10th Cir. 2009). Thus, the undersigned gave Plaintiff "notice and an opportunity to address the issue . . . ." *Id.* at 1098. *See* Doc. 11.

Plaintiff responded to the order to show cause by explaining he had "tried several times to get the police reports, property and names of everyone involed in this case" from the district attorney, police department, and district court, but they "would not release these to me saying the matter was a ongoing investigation." Doc. 12. He stated that in August, 2010, his father "filed to get the firearm back" and was told by a district court judge that the district attorney had "refused to release the gun because the investigation was ongoing." *Id.* According to Plaintiff, "[t]he District Attorney released the weapon last year saying the investigation was finally over. Since it was an ongoing investigation up to 2012, my time of filing would still be in the proper limits of the law. I filed has soon as I received the reports when they were released." *Id.*

Because Plaintiff concluded his response by requesting appointment of counsel, *id.*, the undersigned considered the response both as a motion and as a response to the show cause order, denying the motion and extending Plaintiff's

5

deadline "to file any additional response to the show cause order . . . ." Doc. 13, at 2. Plaintiff again responded, maintaining the Oklahoma Supreme Court Network site would show his father "filed for the weapon and reports in 2012 and was denied due to the investigation being ongoing." Doc. 14. In addition, Plaintiff re-urged his motion for appointment of counsel on the grounds he had no access to a law library.[6] *Id*.

### III. Plaintiff's claims are barred by the statute of limitations.

According to the face of Plaintiff's complaint, each of the events giving rise to his claims – the search of his vehicle, his arrest and two-to-three day detention, the seizure of his property – occurred in May, 2010. Nonetheless, he waited over three years before filing his complaint on July 10, 2013.

The law governing a determination of the timeliness of Plaintiff's action is long-settled. "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). Here, Oklahoma's

---

[6] Plaintiff filed his complaint from the Cleveland County Detention Center. Doc. 1, at 1. Publically available documents show he is awaiting trial on charges relating to an April 8, 2012, murder. http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=2118586&db=Cleveland

two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(A)(3). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Beck*, 195 F.3d at 557 (quotation omitted). Accordingly, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Id.* at 558 (quotation omitted). In the absence of equitable tolling, because Plaintiff's claims accrued in May, 2010, the statute of limitations on these claims expired in May, 2012, over a full year before he filed his complaint.

> Oklahoma permits the tolling in limited circumstances:
>
> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights. [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations, alterations, and citations omitted). Oklahoma's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla.

1995). The plaintiff bears "the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Here, when given the opportunity to explain why the Court should toll the statute of limitations in this case, Plaintiff maintained in an unsworn statement that he tried "several times" to obtain "police reports . . . and names of everyone involed in this case." Doc. 12. Despite pleading in his complaint that "charges [were] declined," Doc. 1, at 4, Plaintiff claims was he denied access to information because of an "ongoing investigation." Doc. 12. Similarly, he alleges a district court judge told his father in August, 2010 that the district attorney refused to release the firearm because of this investigation.[7] *Id.* He contends "it was an ongoing investigation up to 2012" and that he filed the lawsuit "as soon as [he] recieved the reports when they were released." *Id.* In his second unsworn response, Plaintiff refers the court to the state court's website, claiming it would show his father "filed for the weapon and reports in 2012 and was denied due to the investigation being ongoing." Doc. 14. Plaintiff did not point the court to the specific case in which this allegedly occurred, and the court's search revealed the only proceeding in Cleveland County involving

---

[7] In this regard, Plaintiff's complaint shows Plaintiff's father contacted the arresting officer, Defendant Glass, in May, 2013, "requesting the firearm be released to him as he was the owner." Doc. 1, at 6.

Plaintiff since 2005 involves the charge of first-degree murder in April, 2012. *See supra* n.6.

"There is nothing about these factual circumstances that would trigger tolling under Oklahoma law - no legal disability, no fraudulent concealment, and no exceptional circumstances." *Young v. Davis*, 554 F.3d at 1258. Although Plaintiff is now confined, he does not maintain he was prevented from pursing his claims due to any confinement. He "has not explained specifically" why he needed a police report "to prepare a timely § 1983 complaint containing the basic allegations supporting [his] claim[s]." *Watkins v. Craft*, 455 F. App'x 853, 856 (10th Cir. 2012). Even if Plaintiff was unaware of the precise name of each individual he intended to sue, he was obviously aware of the entities involved - he states he contacted them. Doc. 12. Likewise, Plaintiff "has failed to provide sufficient specificity" about a purported investigation and about any related proceeding in Cleveland County district court. *Watkins*, 455 F. App'x at 856. His similarly vague allegations of having "tried several times" to obtain information also fail to suggest "attempts to diligently pursue his claims." *Young*, 554 F.3d at 1259.

Because it is clear from the face of Plaintiff's complaint that each of his claims, absent tolling, is barred by the statute of limitations, and because, when provided with the opportunity, he failed to show adequate cause "why the

statute of limitations should be tolled," *Vasquez Arroyo*, 589 F.3d at 1097, Plaintiff has failed to state any claim on which relief can be granted.

## IV. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends the dismissal of this action on filing.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 25th day of November, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 5th day of November, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE